IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOOKOUT WINDPOWER HOLDING COMPANY, LLC, et al. | ) ) ) |
| v. | ) ) ) Case No. 5:08-cv-06128-GAF |
| EDISON MISSION ENERGY, et al. | ) ) ) ) |

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), plaintiffs and defendants have proposed entry of a Protective Order to protect against the improper use or disclosure of any confidential, proprietary, trade secret, or commercially sensitive business information and data produced during discovery or submitted to the Court in connection with this case. Accordingly, the Court orders that the confidentiality of such materials be protected and governed as follows:

1. As used in this Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to Paragraph 2 of this Protective Order;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party or other person may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). The party or other person shall

- 1 -

clearly mark any document so designated as "Confidential Document Subject to Protective Order."

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action (including any appeals or related alternative dispute resolution), and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 4 of this Protective Order. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties; and

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may designate documents as "Confidential," in accordance with Paragraph 2 of this Protective Order and subject to the same protections and constraints as the parties to the action. All documents produced by such third parties shall be treated as "Confidential" for the period beginning on the

date of their production and ending 30 days after the date all parties to the action are in receipt of such documents, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

6. Each person appropriately designated pursuant to Paragraph 4(f) of this Protective Order to receive Confidential information shall execute a Written Assurance in the form attached as Exhibit A.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information. The covers of the transcripts of all such depositions shall be marked "Confidential – Contains Testimony Subject to Protective Order."

8. Any party or other person who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such documents without the appropriate designation shall retrieve such documents from any persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

- 3 -

Case 5:08-cv-06128-GAF   Document 67   Filed 04/15/09   Page 3 of 6

9. In the event that a party inadvertently produces material that is protected by the attorney-client privilege, the work-product doctrine, or any other privilege, the producing party (within a reasonable time after it discovers the inadvertent disclosure) may make a written request to the other party to return or destroy such material. The receiving party shall either return the material to the producing party or destroy the material immediately upon receipt of the request. The receiving party's return or destruction of such material does not waive its right to later challenge the producing party's substantive privilege claim, except that it may not argue that inadvertent production waived the privilege.

10. If a party files any papers containing Confidential information with the Court, it shall file those papers under seal. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

11. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within 120 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. However,

Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.  Each party is also responsible for ensuring that those persons it has designated pursuant to Paragraph 4(f) of this Protective Order comply with their responsibilities under the Written Assurance.  Each party shall provide a certification to the other party that it has complied with Paragraph 12 of this Protective Order within the 120-day period.

13. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by this Protective Order shall survive the termination of this action.

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED:  April 15, 2009

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I have read and I understand the terms of the Protective Order filed in Case No. 5:08-cv-06128-GAF, pending in the United States District Court for the Western District of Missouri. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any "Confidential" documents, or copies of such documents, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 60 days after final termination of this action, I shall return to the party from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of Missouri solely for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____, 2009    By: _____

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Telephone Number